any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in his possession or control;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

*Wednesday, October 27, 1999*

## MERIT DOCKET

99–881.   Wellman v. Pub. Util. Comm.
Public Utilities Commission, No. 98–516–TP–CSS. *Sua sponte*, cause dismissed.
MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

99–1350.   State ex rel. Landon v. Barnette.
In Quo Warranto. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.
MOYER, C.J., RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.
DOUGLAS, PFEIFER and COOK, JJ., dissent, would consolidate with 99–1352, *infra*, and would grant an alternative writ.

99–1352.   State ex rel. Landon v. Stantz.
In Quo Warranto. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.
MOYER, C.J., RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.
DOUGLAS, PFEIFER and COOK, JJ., dissent, would consolidate with 99–1350, *supra*, and would grant an alternative writ.

99–1631.   State ex rel. Kadas v. Gilligan.
In Mandamus. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.
MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

99–1643.   State ex rel. Broomfield v. Clerk of Common Pleas Court of Franklin Cty.
In Mandamus. On answer of respondent. Answer treated as motion to dismiss. Motion to dismiss sustained. Cause dismissed.
MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

99–1718.   Blondheim v. Morgan.
In Habeas Corpus. On petition for writ of habeas corpus by Timothy J. Blondheim. *Sua sponte*, cause